UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ahmed Ali,                                              Case No. 16-2422 (DWF/FLN)

        Petitioner,

v.                                                      **REPORT AND**
                                                        **RECOMMENDATION**

Steven Hammer,

        Respondent.

---

Ahmed Ali, *pro se*, for Plaintiff.
Jean Burdorf, Hennepin County Attorney's Office, for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitions filed by Ahmed Ali under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (ECF Nos. 1 and 5). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that Ali's Petitions be **DENIED**.

## I. BACKGROUND

Ali is currently serving three consecutive 72-month sentences after pleading guilty to three counts of first-degree attempted aggravated robbery. Pet. 1, ECF No. 1; Pet., ECF No. 5; Opp'n Mem., ECF No. 13. He was sentenced on November 9, 2011. ECF No. 5 at 1. The undersigned adopts the facts of this case as stated by the Minnesota Court of Appeals:

> On January 6, 2010, Mahdi Ali and appellant Ahmed Shire Ali (Ali) went to a store with the intent to rob its occupants. Ali knew that Mahdi Ali was carrying a gun when they entered the store. During the interrupted and unsuccessful robbery, Mahdi Ali shot and killed three people. Witnesses, who saw or heard the shootings, survived.
>
> After respondent State of Minnesota obtained indictments of Ali on three counts of first-degree premeditated murder under Minn. Stat. §§ 609.05, .185(a)(1) (2008), and

three counts of first-degree felony murder under Minn. Stat. §§ 609.05, .185(a)(3) (2008), Ali pleaded guilty to three counts of first-degree attempted aggravated robbery under Minn. Stat. §§ 609.05, .17, .245, subd. 1 (2008). As part of a plea agreement, Ali waived his *Blakely* rights and agreed that aggravating factors supported an upward durational departure. The agreed-upon aggravating factors were that the attempted robbery resulted in the deaths of three people; Ali failed to render aid to the victims; and the witnesses suffered psychological trauma as a result of the attempted robbery. Ali also agreed to cooperate with the state in the prosecution of Mahdi Ali, and the parties agreed to a 216–month sentence, comprised of three consecutive 72–month sentences. This sentence represented a double upward departure from three consecutive 36–month mandatory minimum sentences under Minn. Stat. § 609.11, subd. 5 (2008).

*Ali v. State*, No. A14–0876, 2015 WL 303688 (Minn. App. Jan. 26, 2015). Ali did not file a direct appeal and was denied postconviction relief under the argument that the sentencing court erred by imposing consecutive sentences and a double upward departure under the presumptive Minnesota Sentencing Guidelines. Burdorf App. 13–22, ECF No. 14 (copy of Motion to Correct Sentence, Hennepin County District Court file 27-CR-10-2077); *see Ali*, 2015 WL 303688 at *6 (affirming sentence).

Ali now seeks writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that the imposition of consecutive sentences violates his rights under Minn. Stat. §609.035 and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. *See* ECF Nos. 1, 5. The Government argues that Ali's Petition is barred by the statute of limitations and that he failed to exhaust his state court remedies. ECF No. 13 at 5–9.

## II. LEGAL ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for habeas petitions filed by state prisoners. Specifically, the AEDPA states:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is well-established that under § 2244(d)(1)(A),[1] the statute of limitations does not start running until either the date judgment becomes final by the conclusion of direct review or the date when the opportunity to seek such review expires:

---

[1]

While the AEDPA provides three events other than the date when the judgment became final that can trigger when the limitations period begins to run, these other events are not applicable to this case. First, Ali has not identified any impediment caused by the state that kept him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). Similarly, Ali has not alleged that the Supreme Court recognized a new constitutional right applicable to his claims. *Id.* § 2244(d)(1)(C). Finally, Ali does not claim that evidence is now available that was not before. *Id.* § 2244(d)(1)(D).

[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998). Therefore, "'the conclusion of direct review' includes the ninety days a state court defendant has to petition the Supreme Court of the United States for a writ of certiorari." *Jihad v. Hvass*, 267 F.3d 803, 504 (8th Cir. 2011); *see also* Sup. Ct. R. 13.1.

Here, Ali was sentenced on November 9, 2011, giving him 90 days to file a direct appeal of his sentence. *Id.*; ECF No. 5 at 1. His one-year statute of limitations for filing a habeas petition began to run on February 8, 2012 and expired on February 8, 2013. § 2244(d). Ali filed his Petitions for habeas relief on July 14, 2016 and on July 15, 2016, over three years past the expiration of his statute of limitations. ECF Nos. 1, 5. Therefore, the Court concludes that Ali's Petitions for habeas relief must be dismissed as untimely. Given the Court's conclusion, it does not consider whether or not Ali exhausted his state court remedies.

### III. RECOMMENDATION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Ali's Petitions under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (ECF Nos. 1 and 5) be **DENIED**; and

2.    This matter be **DISMISSED WITH PREJUDICE.**


DATED: January 27, 2017                        *s/Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

## NOTICE:

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.